IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MEGAN RICHARDS, | : | CIVIL ACTION |
| Plaintiff | : | CASE NO.: |
| v. | : | **JURY TRIAL DEMANDED** |
| TEMPLE UNIVERSITY HEALTH SYSTEM, INC. AND INSTITUTE FOR CANCER RESEARCH D/B/A THE RESEARCH INSTITUTE OF FOX CHASE CANCER CENTER, | : | |
| Defendants. | : | |

**COMPLAINT AND JURY DEMAND**

**I.     PRELIMIARY STATEMENT**

1. This is an action for an award of damages, attorneys' fees and other relief on behalf of Plaintiff Megan Richards ("Plaintiff Richards"), a former employee of Defendants Temple University Health System, Inc. and Institute for Cancer Research d/b/a The Research Institute of Fox Chase Cancer Center ("Defendants"), who has been harmed by the Defendants' discriminatory and retaliatory employment practices.

2. This action arises under the Americans with Disabilities Act, as amended, 42 U.S.C. §12010 et seq. ("ADA") and the Philadelphia Fair Practices Ordinance, Phila. Code §9-1101 et seq. ("PFPO").[1]

---

[1] Plaintiff Richards' claims arising under the PFPO are referenced herein for notice purposes. Plaintiff Richards must wait 1 full year from the date of dual-filing with the EEOC before initiating a claim under the PFPO. Plaintiff Richards

1

**II.   JURISDICTION AND VENUE**

3.   The jurisdiction of this Court is invoked, and venue is proper in this judicial district, pursuant to 28 U.S.C. §§1331 and 1391 as Plaintiff Richards' claims are substantively based on the ADA.

4.   The supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1367 to consider Plaintiff Richards claims arising under the PFPO.

5.   All conditions precedent to the institution of this lawsuit have been fulfilled.  On December 10, 2025, the United States Equal Employment Opportunity Commission ("EEOC") issued a Notice of Right to Sue to Plaintiff Richards, and this action has been filed within ninety (90) days of receipt of said notice.

6.   Plaintiff Richards has satisfied all other jurisdictional prerequisites to the maintenance of this action.

**III.   PARTIES**

7.   Plaintiff Megan Richards ("Plaintiff Richards") is a thirty-one (31) year old individual and citizen of the Commonwealth of Pennsylvania, residing therein at 301 Jacksonville Road, Apt. B108, Hatboro, Pennsylvania 19040.

8.   Defendant Temple University Health System, Inc. is a non-profit corporation duly organized and existing under the laws of the Commonwealth of

---

must, however, file her lawsuit under the ADA in advance of same because of the date of issuance of her federal Notice of Right to Sue letter.  Plaintiff Richards' PFPO claims will mirror identically her federal claims under ADA.

Pennsylvania, maintaining a place of business located at 3509 North Broad Street, 9th Floor, Philadelphia, Pennsylvania 19140.

9. Defendant Institute for Cancer Research d/b/a The Research Institute of Fox Chase Cancer Center is a a non-profit corporation duly organized and existing under the laws of the State of Delaware, maintaining a place of business located at 3509 North Broad Street, 9th Floor, Philadelphia, Pennsylvania 19140.

10. Because of their interrelation of operations, common ownership or management, centralized control of labor relations, common ownership or financial controls, and other factors, Defendants are sufficiently interrelated and integrated in their activities, labor relations, ownership, and management that they may be treated as a single and/or joint employer for purposes of the instant action.

11. At all times relevant hereto, the Defendants acted through their agents, servants, and employees, who acted within the scope of their authority, course of employment, and under the direct control of the Defendants.

12. At all times material herein, the Defendants have been a "person" and "employer" as defined under the ADA and PFPO, and have been, and are, subject to the provisions of each said Act.

13. At all times material herein, Plaintiff Richards has been an "employee" as defined under the ADA and PFPO, and has been, and is, subject to the provisions of each said Act.

## IV. STATEMENT OF FACTS

14. Plaintiff Richards was employed by the Defendants from on or about April 22, 2024 until on or about April 9, 2025, the date of her unlawful termination.

15. During the course of her employment with the Defendants, Plaintiff Richards held the position of Clinical Research Nurse I.

16. From on or about November 10, 2024 through her date of termination, Plaintiff Richards held said role in the Defendants' Genitourinary Cancer Program ("GUPOD").

17. As a Clinical Research Nurse I, Plaintiff Richards' duties included, but were not limited to, coordinating and facilitating the conduct of clinical research protocols which may be supported by the National Cancer Institute, industry, cooperative groups, or grant funded and investigator-initiated; providing leadership in the management and operation of clinical research protocols to ensure research participant recruitment and accrual, protocol compliance, research participant safety, and data quality. Plaintiff Richards worked closely with members of the GUPOD team to develop effective tools for close monitoring and reporting of trials, and coordinated the timely study activation and submission of protocol amendments.

18. In that role, Rutika Kokate, MS, PhD ("Kokate"), Manager, Clinical and Translational Research, served as Plaintiff Richards' immediate supervisor. Dr. Matthew Zibelman ("Dr. Zibelman"), Medical Oncologist, and Dr. Elizabeth Plimack ("Dr. Plimack"), Deputy Director, Fox Chase Cancer Center, also supervised Plaintiff Richards.

19. At all times relevant hereto, Plaintiff Richards performed her job responsibilities in a dutiful and highly competent manner.

20. By way of background, during her tenure of employment with Defendants, Plaintiff suffered from Anxiety and Post-Traumatic Stress Disorder ("PTSD"). Said medical conditions constitute disabilities within the meaning of the ADA and PFPO in that they substantially impaired one or more of Plaintiff Richards' major life activities including, but not limited to, concentrating, sleeping, and interacting with others.

21. Plaintiff Richards first disclosed her disabilities to Defendants on or about November 1, 2024, explaining to Holly Molle ("Molle"), Senior Business Partner Human Resources, and her union representatives, that she was experiencing daily panic attacks due to her disabilities.

22. In connection thereto, Plaintiff Richards requested the reasonable accommodation of the ability to work from home for a brief one (1) week period of time.

23. Immediately following her transfer to GUPOD, Plaintiff Richards also disclosed her disabilities to Kokate as she continued to suffer from regular panic attacks.

24. In response to Plaintiff Richards' disability disclosure, Kokate repeatedly interrogated Plaintiff Richards about whether she really wanted to be in that job and suggested that Plaintiff Richards instead find a fully remote position.

25. Plaintiff Richards explained to Kokate that she very much wanted to remain in her new GUPOD role, that she had just commenced therapy to treat her disabilities, and that her symptoms were improving.

26. As evidence of Plaintiff Richards' solid work performance, on February 6, 2025, Plaintiff Richards received her first formal performance evaluation from Kokate and Dr. Zibelman. Out of eleven (11) categories, Plaintiff Richards received a "meets expectations" rating in ten (10) of those categories, including professionalism, diversity, favorable impression, customer service, communication, privacy, personal accountability, teamwork, job duties, and quality of work performed. In just one (1) category, compliance, Plaintiff Richards failed to meet expectations.

27. In the comments on Plaintiff Richards' review and as direct evidence of disability-based animus, Kokate and Dr. Zibelman made direct reference to Plaintiff Richards' disabilities, noting that Plaintiff Richards should "be less anxious."

28. Kokate and Dr. Zibelman critically noted in Plaintiff Richards' performance evaluation that she "requested to leave early and work remote on more than 2 occasions," which Defendants well knew were directly related to dates on which Plaintiff Richards experienced exacerbation of her disabilities.

29. During her review meeting, Dr. Zibelman told Plaintiff Richards that her disability-related symptoms "sound like PTSD." Both Dr. Zibelman and Kokate questioned Plaintiff Richards about her treatment, asked about her therapy, told her she needs to "work on" her anxiety and that it "needs to get better."

30. Notwithstanding Plaintiff Richards' solid performance ratings in 10/11 categories, at the close of the meeting, Plaintiff Richards learned Defendant had extended her initial probation period an additional sixty (60) days, to April 11, 2025.

31. As further evidence of Plaintiff Richards' satisfactory work performance, on February 25, 2025, Dr. Plimack sent Plaintiff Richards an email of praise, acknowledging Plaintiff Richards' "efforts and adjustments to feedback."

32. Just several days later, on February 28, 2025, Plaintiff Richards was involved in a motor vehicle accident and sustained injuries to her ribs, neck, back, toes, and hands. The accident additionally exacerbated Plaintiff Richards' anxiety and PTSD.

33. Plaintiff Richards' physical injuries constituted disabilities as defined by the ADA and PFPO in that they substantially impaired one or more of her major life activities including, but not limited to, walking, concentrating, sitting, standing, and sleeping.

34. Following her accident, Plaintiff Richards disclosed her related physical injuries and disabilities to Kokate, advising that she was in extreme pain and also dealing with heightened anxiety and PTSD as a result thereof.

35. In response, on or about March 6, 2025, Kokate met with Plaintiff Richards and suggested that she take medical leave, telling Plaintiff Richards that she had already pre-emptively considered the option of leave.

36. Thereafter, Plaintiff Richards commenced a brief medical leave of absence from on or about March 7, 2025 until on or about March 18, 2025 to recover and undergo treatment for her disabilities.

37. Shortly after Plaintiff Richards' return to work, Kokate pressured her to schedule her next probationary review for March 26, 2025. Plaintiff Richards expressed her belief that the rushed evaluation was unfair given that she did not work for several

7

weeks during the extended probationary period due to her disabilities. Ultimately, the review was postponed due to ongoing complications associated with Plaintiff Richards' disabilities.

38. On or about March 26, 2025, Plaintiff Richards needed to leave work early to seek medical treatment for her disabilities. Plaintiff Richards disclosed the reason for her early departure to Kokate.

39. On March 27, 2025, Plaintiff Richards advised Kokate and members of her GUPOD team that she believed she was experiencing complications from her accident injuries and disabilities, including stabbing pain in her ribcage and blood in her urine.

40. The following day, Plaintiff Richards returned to work. Upon her return, Kokate interrogated Plaintiff Richards as to whether she was "well enough" to work and whether, in light of Plaintiff Richards' "health," she would be better suited for a remote job. Kokate also told Plaintiff Richards that it was not acceptable for her to visibly appear in pain in front of patients. Based on Kokate's comments, she clearly perceived Plaintiff Richards to be disabled as defined under the ADA and PFPO.

41. Plaintiff Richards explained that notwithstanding her disabilities, she could perform the essential functions of her job with reasonable accommodations. Plaintiff explained that her symptoms were in fact improving and that she would likely only need time off in the future for planned medical appointments.

42. On April 9, 2025, the Defendants abruptly terminated Plaintiff Richards' employment during her "5 month review," alleging that Plaintiff Richards failed to adequately complete her probationary period.

43. Plaintiff Richards believes and avers that the Defendants' articulated reason for her termination is false and pretextual and that the Defendants actually terminated her employment due to her actual and/or perceived disabilities and/or record of impairment and/or in retaliation for requesting reasonable accommodations for her disabilities.

44. As evidence thereof, during her termination meeting, Kokate and Dr. Zibelman presented Plaintiff Richards with another probationary performance evaluation form which had been completed by Defendants on April 1, 2025. On that form, in categories in which Plaintiff Richards had previously been rated as "Meets Expectations," Defendants arbitrarily downgraded her rating to "Does Not Meet Expectations," including professionalism, favorable impression, customer service, communication, personal accountability, teamwork, job duties, and quality of work performed.

45. As further evidence of Defendants' discriminatory animus due to Plaintiff Richards' disabilities and need for accommodations, the review directly referenced Plaintiff Richards' disabilities and need for accommodations therefor, stating, in pertinent part:

> * "The team was made aware by Megan that she would be out **on medical leave**."
> * "Lack of confidence in actions, completing simple tasks, and overcorrect when feedback is given, over apologetic, exacerbated by **anxiety** which may affect her productivity."

46. As further direct evidence of disability discrimination and retaliation, during the termination meeting, Dr. Zibelman made direct reference to Plaintiff Richards' need for accommodations due to her disabilities, stating that Plaintiff Richards'

9

"availability had been a significant issue." Importantly, Defendants well knew that the only dates on which Plaintiff Richards was absent or unable to work were directly related to her disabilities and need for accommodations.

47. Additionally, following her termination, Kokate agreed to write a positive letter of reference for Plaintiff Richards, something she would not do unless she truly believed Plaintiff Richards performed satisfactory work.

## COUNT I
### (ADA – Actual and/or Perceived Disability and/or Record of Impairment Discrimination, Retaliation)
### Plaintiff Richards v. the Defendants

48. Plaintiff Richards incorporates by reference paragraphs 1 through 47 of this Complaint as though fully set forth herein.

49. The actions of the Defendants, through their agents, servants and employees, in subjecting Plaintiff Richards to discrimination on the basis of her actual and/or perceived disabilities and/or record of impairment, and in retaliating against her for requesting reasonable accommodations, ultimately resulting in the termination of her employment, constituted violations of the ADA.

50. As a direct result of the aforesaid discriminatory and retaliatory employment practices engaged in by the Defendants in violation of the ADA, Plaintiff Richards sustained permanent and irreparable harm, resulting in her termination from employment, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, front pay, and interest due thereon.

51. As a further direct result of the aforesaid discriminatory and retaliatory employment practices engaged in by the Defendant in violation of the ADA, Plaintiff Richards suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## **PRAYER FOR RELIEF**

52. Plaintiff Richards incorporate by reference paragraphs 1 through 51 of this Complaint as though fully set forth herein.

**WHEREFORE**, Plaintiff Richards requests that this Court enter judgment in her favor and against the Defendants, and Order that:

a. Defendants compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits she would have received had it not been for Defendants' unlawful actions, as aforesaid, including, but not limited to, back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority;

b. Defendants pay to Plaintiff punitive damages, as permitted by applicable law, in an amount believed by the Court or the trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious, and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

c. Defendants pay to Plaintiff compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses as allowable;

  d. Defendants pay to Plaintiff pre and post judgment interest, costs of suit, and attorney and expert witness fees as allowed by law; and

  e. The Court award such other relief as is deemed just and proper.

## JURY DEMAND

Plaintiff Richards demand trial by jury.

           Respectfully submitted,

           **KARPF, KARPF & CERUTTI, P.C.**

    By: _____
       Ari R. Karpf, Esq. (91538)
       8 Interplex Drive
       Suite 210
       Feasterville-Trevose, PA 19053
       (215) 639-0801
       akarpf@karpf-law.com

Dated: February 25, 2026

# **VERIFICATION**

The undersigned states that the facts in the foregoing Complaint and Jury Demand are true and correct to the best of her knowledge, information and belief. The undersigned understands that any intentionally false statements herein are subject to criminal penalties relating to sworn and unsworn statements.

Dated: 2/25/2026

*Megan Richards*
_____
Megan Richards

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Megan Richards | : | CIVIL ACTION |
| v. | : | |
| Temple University Health System, Inc., et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (x)

| 2/25/2026 | _[signature]_ | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-639-0801 | 215-639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: __Defendants place of business__

---

***RELATED CASE IF ANY:*** Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit? Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation. Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts)
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Wage and Hour Class Action/Collective Action
6. ☐ Patent
7. ☐ Copyright/Trademark
8. ☐ Employment
9. ☐ Labor-Management Relations
10. ☒ Civil Rights
11. ☐ Habeas Corpus
12. ☐ Securities Cases
13. ☐ Social Security Review Cases
14. ☐ Qui Tam Cases
15. ☐ Cases Seeking Systemic Relief *see certification below*
16. ☐ All Other Federal Question Cases. *(Please specify)*:_____

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (*Please specify*):_____
7. ☐ Products Liability
8. ☐ All Other Diversity Cases: *(Please specify)*_____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
RICHARDS, MEGAN

**(b)** County of Residence of First Listed Plaintiff: Montgomery
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Ari R. Karpf, Esq.; Karpf, Karpf & Cerutti, P.C., 8 Interplex Drive, Suite 210, Feasterville-Trevose, PA 19053; 215-639-0801; akarpf@karpf-law.com

## DEFENDANTS
TEMPLE UNIVERSITY HEALTH SYSTEM, INC., ET AL.

County of Residence of First Listed Defendant: Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 367 Health Care/Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability / [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability / **PERSONAL PROPERTY** | | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle / [ ] 370 Other Fraud | **LABOR** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability / [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury / [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice / [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights / **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 220 Foreclosure | [ ] 441 Voting / [ ] 463 Alien Detainee | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment / [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/Accommodations / [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | [X] 445 Amer. w/Disabilities - Employment / [ ] 535 Death Penalty | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other / **Other:** / [ ] 540 Mandamus & Other | **IMMIGRATION** | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education / [ ] 550 Civil Rights / [ ] 555 Prison Condition / [ ] 560 Civil Detainee - Conditions of Confinement | [ ] 462 Naturalization Application / [ ] 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA (42USC12101)

Brief description of cause:
Violations of the ADA and the PFPO.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
- **DEMAND $**
- CHECK YES only if demanded in complaint:
- **JURY DEMAND:** [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 2/25/2026
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # ___ AMOUNT ___ APPLYING IFP ___ JUDGE ___ MAG. JUDGE ___